UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ARONA T. WALKER** | **CIVIL ACTION** |
| **VERSUS** | **No. 10-4267** |
| **RICKEY J. WOODS, ET AL.** | **SECTION I** |

### ORDER AND REASONS

Before the Court are motions[1] to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendants, United States Department of Housing and Urban Development ("HUD") – New Orleans, HUD – Fort Worth, HUD – Washington D.C.,[2] and the Housing Authority of New Orleans ("HANO").  In the alternative, HANO moves for summary judgment.  Plaintiff, Arona T. Walker, opposes[3] the motions.  For the following reasons, defendants' motions to dismiss are **GRANTED**; plaintiff's claims against HUD and HANO are **DISMISSED WITH PREJUDICE**, and plaintiff's claim against Rickey J. Woods is **DISMISSED WITHOUT PREJUDICE**.

*BACKGROUND*

This case arises out of a dispute between plaintiff and defendant, Rickey J. Woods ("Woods"), over the entitlement to Section 8 rental proceeds,[4] remitted by HANO, with respect to real property located at 927-929 Bordeaux Street, New Orleans, Louisiana.[5]  Plaintiff alleges

---

[1] R. Doc. Nos. 16, 40.
[2] In her complaint, plaintiff identifies three field offices of HUD separately.  HUD submits its motion to dismiss on behalf of all three offices.
[3] R. Doc. Nos. 28, 47.
[4] "Section 8 rental proceeds," as referenced in the amended complaint and HUD's motion to dismiss, refers to assistance payments authorized by the United States Housing Act of 1937. 42 U.S.C. § 1437f.
[5] R. Doc. No. 5, p.2.

1

that she is and was the sole owner of the property at all pertinent times.[6]  Plaintiff further alleges that on June 9, 2006, Woods submitted false and fraudulent documents to HANO for the purpose of obtaining funds to which he was not entitled.[7]  Plaintiff claims that HANO, relying upon Woods's false assertions of complete ownership rights to the property, forwarded HUD Section 8 proceeds to Woods during the period beginning August 26, 2005, through June 30, 2007.[8]  Plaintiff also claims that HANO continued to forward rent subsidy checks to Woods after plaintiff informed HANO of her claimed complete ownership rights in the property.[9]  Plaintiff's only allegation pertaining to HUD is her assertion that HANO is a federal agency under the authority of HUD.

HUD moves to dismiss plaintiff's claim on the ground of sovereign immunity.  HANO moves to dismiss plaintiff's claim on the ground that 42 U.S.C. § 1437f does not grant plaintiff a private cause of action.

*LAW*

**I.     Rule 12(b)(1)**

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. U.S., 281 F.3d 158, 161 (5th Cir. 2001).  The party asserting jurisdiction carries the burden of proof. Id.  The district court may base its determination as to its subject matter jurisdiction on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id.

---

[6] Id.
[7] Id. at p.3.
[8] Id. at pp.3-4.
[9] Yet it was not until June 17, 2009, that a judgment was rendered in state civil district court evicting Woods from the property and declaring plaintiff to be the sole owner of the property.

**II.     Rule 12(b)(6)**

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007); Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007). As the Fifth Circuit explained in Gonzalez v. Kay:

> "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court recently expounded upon the Twombly standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. See Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. Spivey, 197 F.3d at 774; Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.' " Cutrer v. McMillan, 308 Fed. Appx. 819, 820 (5th Cir. 2009) (quoting Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir. 1986)).

As plaintiff is appearing pro se, the Court is permitted to examine his complaint with "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520, (1972). Plaintiff's pleading is to be construed liberally. U.S. v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996).

*ANALYSIS*

**I.     Claim Against HUD**

Federal courts may exercise jurisdiction only to the extent that it is granted to them under the Constitution and by Congress. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). "The United States, as sovereign, is immune from suit save as it consents to be sued." U.S. v. Sherwood, 312 U.S. 584, 586 (1941). This immunity deprives federal courts of subject matter jurisdiction. Chapa v. U.S. Dept. of Justice, 339 F.3d 388, 389 (5th Cir. 2003). Lawsuits against the agencies of the United States are considered to be suits against the United States. Kentucky v. Gordon, 473 U.S. 159, 166 (1985).

HUD contends that plaintiff's claim against it should be dismissed based on lack of subject matter jurisdiction because HUD, as an agency of the United States, is entitled to sovereign immunity. "Because sovereign immunity is jurisdictional in nature, Congress's waiver of it must be unequivocally expressed in statutory text and will not be implied." Freeman v. U.S., 556 F.3d 326, 335 (5th Cir. 2009) (quotation marks and citations omitted). The issue before the Court is whether plaintiff has satisfied her burden of showing Congress's unequivocal waiver of sovereign immunity. Id. at 334.

Plaintiff has not identified, and the Court has not found, any waiver of sovereign immunity applicable to plaintiff's claim against HUD. 42 U.S.C. § 1404a permits the Secretary of HUD to "sue and be sued only with respect to its functions under the United States Housing

4

Act of 1937….” 42 U.S.C. § 1404a.  Section 1404a is inapplicable to this case since plaintiff has not sued the Secretary of HUD in this lawsuit.  However, even if plaintiff had sued the Secretary of HUD instead of just HUD, plaintiff's claim would not fall within § 1404a as she alleges wrongdoing by HANO,[10] an entity separate from HUD.[11]

Plaintiff cites Anderson v. Donovan, 2011 WL 1337085, at *3 (E.D. La. Apr. 5, 2011) and argues that HUD has waived its sovereign immunity in this case.  However, plaintiff overlooks the fact that subject matter jurisdiction in Anderson was derived from the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, which waives federal agencies' sovereign immunity in lawsuits for relief other than money damages. See Anderson v. Jackson, 556 F.3d 351, 359 (5th Cir. 2009).  The APA does not waive HUD's sovereign immunity in this case because plaintiff is seeking money damages.

In the absence of a waiver of sovereign immunity, the Court finds that it lacks subject matter jurisdiction.  Accordingly, plaintiff's claim against HUD will be dismissed with prejudice.[12]

---

[10] Plaintiff incorrectly alleges that HANO is a federal agency under the authority of HUD.  In fact, HANO is a state entity. Zeigler v. Housing Authority of New Orleans, 2011 WL 39008, *1 (E.D. La. Jan. 5, 2011).  Despite being in administrative receivership, any liability incurred by HANO remains the liability of HANO. See 42 U.S.C. § 1437d(j)(3)(H) ("any liability incurred, regardless of whether the incident giving rise to that liability occurred while the Secretary or receiver was in possession of all or part of the public housing agency (including all or part of any project or program or the agency), shall be the liability of the public housing agency.").

[11] In her opposition to HUD's motion to dismiss, plaintiff makes additional allegations of involvement on the part of Special Agents Williams and Rogers of the Office of Inspector General.  However, the Court does not address these additional allegations as plaintiff herself recognizes that such allegations are not before this Court. See R. Doc. No. 35-2 ("The HUG-OIG investigation, as far as plaintiff knows, is ongoing.  Whatever develops from that investigation is separate and apart from this complaint.").

[12] HUD also argues that should the Court construe plaintiff's claim against it as arising under state law as a tort or contract claim, the Court would still lack jurisdiction. R. Doc. No. 16-1, p.11.  There is no mention of a state law tort or breach of contract claim against HUD in plaintiff's amended complaint.  However, in her opposition to HANO's motion to dismiss, plaintiff seemingly implies that she has alleged a negligence claim against HUD and HANO under the Federal Tort Claims Act ("FTCA").  Plaintiff has not pled such a claim, but even if she had, plaintiff has not fulfilled the various requirements of bringing a claim under the FTCA.  In order to sue successfully under the FTCA, plaintiff must name the United States as the sole defendant. See McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir. 1998).  Furthermore, plaintiff must allege compliance with the FTCA administrative exhaustion requirements, which are jurisdictional prerequisites to suit under the FTCA. See McAfee v. 5th Circuit Judges, 884 F.2d 221, 222-

**II.     Claim Against HANO**

Plaintiff claims that by forwarding Section 8 rental payments to Woods, who was not the owner of the property, HANO violated § 1437f and she is entitled to recovery from HANO. Considering the fact that plaintiff is not a party contemplated in the statute, the issue before the Court is whether plaintiff has a private cause of action pursuant to § 1437f.

The tenant living at 927-929 Bordeaux Street participated in the Housing Choice Voucher Program, which is tenant-based (as opposed to project-based) rental assistance authorized pursuant to 42 U.S.C. § 1437f. See generally, Johnson v. Hous. Auth. of Jefferson Parish, 442 F.3d 356, 358 (5th Cir. 2006). The program assists families meeting the statute's low-income standard in renting housing in the private market. Id. Section 1437f authorizes HUD to enter into contracts with a public housing agency ("PHA"), in this case, HANO, which permits the PHA to obtain federal funds. 42 U.S.C. § 1437f(b)(1); 24 C.F.R. § 982.151. The PHA, in turn, enters into a housing assistance payment contract ("HAP contract") with the owner of the dwelling selected by the participant and the PHA issues vouchers that are payable directly to a participant's landlord. 42 U.S.C. § 1437f(b)(1); 24 C.F.R. § 982.456; see also Johnson, 442 F.3d at 358.

Essentially, plaintiff's claim is that Woods induced HANO into signing a HAP contract with him by fraudulently representing that he was the rightful owner of the property. Plaintiff now seeks the Section 8 rental proceeds that Woods received from HANO. However, plaintiff, herself, was not a party to Woods's HAP contract with HANO.[13] In light of this fact, plaintiff has failed to indicate how the United States Housing Act of 1937, 42 U.S.C. § 1437f, provides her with an avenue of relief. Furthermore, by HUD regulation, 24 C.F.R. § 982.456, the HAP

---

223 (5th Cir. 1989). Accordingly, the Court finds that plaintiff has not properly alleged a tort claim under the FTCA.

[13] R. Doc. No. 1-2, pp.15-19.

contract between a PHA and a property owner does not create any third-party rights: "[t]he HAP contract shall not be construed as creating any right of the family or other third party (other than HUD) to enforce any provision of the HAP contract, or to assert any claim against HUD, the PHA or the owner under the HAP contract." 24 C.F.R. § 982.456(c).

In addition, the language of § 1437f merely authorizes the use of federal funds for housing assistance payments and directs HUD and the various PHAs as to how the payments are to be implemented. Considering a subsection of § 1437f, the Fifth Circuit rejected the argument that the statute contained an implied private right of action.[14] The Fifth Circuit stated that, "[a]s a general rule, Congress does not intend to create a private right of action where a statute is phrased as a directive to federal agencies engaged in the distribution of federal funds. We find no evidence in the text or structure of the statute that would suggest any intent on the part of Congress to create either a substantive federal right or a private right of action to enforce that right." Banks v. Dallas Hous. Auth., 271 F.3d 605, 611 (5th Cir. 2001); see also Kunkler v. Fort Lauderdale Hous. Auth., 764 F. Supp. 171, 175 (S.D. Fla. 1991) (concluding that § 1437(f) does not create a private right of action against the housing authority for landlords participating in the Section 8 program).

The Court finds the Fifth Circuit's reasoning applicable to plaintiff's claims in this case. Plaintiff is unable to identify an applicable substantive federal right created by § 1437f and she is unable to show any intent of Congress to create a private right of action to enforce such a right. Even construing the amended complaint liberally, plaintiff has failed to state a claim against

---

[14] The district court below recognized that § 1437f does not explicitly confer a private remedy. Banks v. Dallas Hous. Auth., 119 F.Supp.2d 636, 638 (N.D. Tex. 2000).

HANO upon which relief may be granted. Accordingly, plaintiff's claim against HANO is dismissed with prejudice.[15]

**III.    Claim Against Woods**

If a federal court is convinced that it lacks subject matter jurisdiction over a case, it has "a duty to raise the issue of subject-matter jurisdiction *sua sponte*." American Heritage Life Inc. Co. v. Lang, 321 F.3d 533, 537 (5th Cir. 2003) (quoting H & D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc., 27 F.3d 326, 328 (5th Cir. 2000). Having dismissed plaintiff's claims against HUD and HANO, the Court considers whether subject matter jurisdiction exists with respect to plaintiff's claim against Woods.

Plaintiff asserts that this Court has federal question jurisdiction over her claims brought under § 1437f. However, the factual allegation underpinning plaintiff's claim against Woods is that Woods fraudulently represented himself to be the landlord of plaintiff's property in order to receive Section 8 benefits. Plaintiff's cause of action is based on the claim that Woods received the benefits that should have gone to her. Although plaintiff characterizes her claim as a violation of § 1437f, plaintiff's cause of action is, in fact, one arising under state law. Since there is no other basis for federal question jurisdiction, the Court must dismiss plaintiff's claim against Woods for lack of subject matter jurisdiction.

For the foregoing reasons,

---

[15] In her opposition, plaintiff also states that the Court has jurisdiction under 42 U.S.C. § 3544(c)(3)(B) and 42 U.S.C. § 1983. Notwithstanding the fact that plaintiff's amended complaint mentions neither of the statutes, § 3544(c)(3)(B) and § 1983 are not applicable in this case. Section 3544(c)(3)(B) provides a cause of action to applicants and participants of HUD programs whose personal information is improperly disclosed by a HUD officer or employee. "Section 1983 provides a private cause of action against those who, under color of law, deprive a citizen of the United States of any rights, privileges, or immunities secured by the Constitution and laws." Goodman v. Harris County, 571 F.3d 388, 395-96 (5th Cir. 2009). Since plaintiff has not alleged that her personal information was improperly disclosed nor that an individual, acting under color of law, deprived her of her rights, the Court finds that neither of the statutes are applicable in this case.

**IT IS ORDERED** that the defendants' motions to dismiss are **GRANTED** and plaintiff's claims against HUD and HANO are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's claim against Woods is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's motion[16] for leave to file a sur-reply memorandum is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion[17] to strike and the motion[18] to disclose status filed by Woods are **DISMISSED AS MOOT**.

New Orleans, Louisiana, July 5, 2011.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[16] R. Doc. No. 35.
[17] R. Doc. No. 8.
[18] R. Doc. No. 46.